UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,                        15 CR 616 (KBF)

    -against-

DARCY WEDD, et al.,

               Defendants.

---------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>GOVERNMENT'S IN LIMINE MOTION</u>**

SERCARZ & RIOPELLE, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: 1-212-586-4900
*Attorneys for Darcy Wedd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,	15 CR 616 (KBF)

    -against-

DARCY WEDD, et al.,

               Defendants.

------------------------------------------------------------X

## PRELMINARY STATEMENT

    The Government's position regarding the scope of admissible evidence at the trial is, quite frankly, breathtaking.

    The Government has moved to admit, pursuant to Fed.R.Evid., Rule 404(b), proof that during and prior to the charged conspiracy, employees of Tatto, Inc., Mobile Messenger, and other entities, engaged in various alleged deceptive marketing practices, none of which are charged in the Indictment.  (See Gov't 404(b) Letter dated 2/10/17).

    Moreover, the Government seeks to introduce testimony by employees at Mobile Messenger who participated in audits at the company, presumably demonstrating that their audits revealed evidence of the auto-subscribing charged in the Indictment without establishing either the reliability of the principles and methods underlying the audits, or the specialized knowledge of the witness. (See Gov't "Summary Witness" Letter dated 1/23/17).

    Yet, the Government's motion in limine would preclude the defendants from (a) introducing testimony that they were engaged in "otherwise lawful activity" during the

1

conspiracy period; and (b) offering opinion testimony that money transferred into bank accounts controlled by the defendants did not constitute proceeds of auto-subscription.

For the reasons set forth herein, it is the position of all defense counsel, that the motion must be denied.

**The Applicable Law**

The purpose of motions in limine is to allow a court to rule on the admissibility of potential evidence in advance of trial. Romanelli v. Long Island R.R. Co., 898 F.Supp.2d 626, 629 (S.D.N.Y. 2012); see Luz v. United States, 469 U.S. 38, 41, n.2 (1984). On a motion in limine, a court will exclude evidence only if it is "clearly inadmissible on all potential grounds." United States v. Ozsusamlar, 428 F.Supp.2d 161, 164-65 (S.D.N.Y. 2006); United States v. Balboa, 2013 W.L. 6196606 (S.D.N.Y. 2013).

In this case, the Government's motion infringes upon the right of the defendants to present a defense.

In Holmes v. South Carolina, 547 U.S. 319, 324-25(2006), the Supreme Court stated:

> Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a "meaningful opportunity to present a complete defense." Crane, supra, at 690, 106 S.Ct. 2142 (quoting California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); citations omitted). This right is abridged by evidence rules that "infring[e] upon a weighty interest of the accused" and are "arbitrary" or "disproportionate to the purposes they are designed to serve." Scheffer, supra, at 308, 118 S.Ct. 1261 (quoting Rock v. Arkansas, 483 U.S. 44, 58, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).

The Supreme Court has long recognized that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302 (1973); see Washington v. Texas, 388 U.S. 14, 19 (1967). These principles "reflect the

fact that individuals accused of criminal behavior should be permitted to present, within reason, the strongest case they are able to marshal in their defense." United States v. Thomas, 32 F.3d 418, 421 (9th Cir. 1994).

**The Defendants Should Be Permitted To Introduce Testimony Regarding
The Activities Of Mobile Messenger In Order To Present A Defense**

The defendants do not intend to introduce evidence of past "good acts" in order to demonstrate that the defendants acted in conformity therewith. Compare, United States v. Al Kassar, 660 F.3d 108 (2d Cir. 2011). Nor do the defendants seek to offer evidence comparable to the innocuous conversations overheard on the wiretap in United States v. Scarpa, 913 F.2d 993 (2d Cir. 1990) in order to argue that had the defendants truly been guilty they would have discussed their criminal conduct or engaged in additional criminal conduct when the opportunity arose. The evidence the defendants seek to introduce regarding developments at Mobile Messenger is not in the nature of character evidence, nor is it evidence of what the defendants would have said, or done, differently if they were truly guilty of the crimes charged.

The defendants do, however, intend to offer evidence of business conduct at Mobile Messenger if this evidence is useful in demonstrating that a particular defendant lacked the requisite knowledge of auto-subscribing activity, or the intent to participate in it.

Notably, evidence the Government seeks to introduce may "open the door" to the introduction of evidence of otherwise lawful activity in order to rebut a claim by the prosecution.

An example can be found in the Government's own 404(b) letter, which states:

> In the period between in or about 2011 through 2013, defendants Darcy Wedd and Fraser Thompson, along with other co-conspirators, created and exercised control over various content providers such as Tendenci Mwedia, LLC, Bear Communication, Network One, Mindkontrol Industries, and Anacapa Media […] Proceeds paid to the shell content providers by Mobile Messenger were then distributed to the members of the conspiracy through

3

>     various shell companies, in the same manner as certain proceeds of
>     the auto-subscription scheme charged in the Indictment were
>     distributed to Wedd, Thompson, and other co-conspirators.

(See Gov't Letter dated 2/10/17 at p. 2).

If the Government alleges that money transfers from Mobile Messenger to these "shell content providers," and then to entities operated by the defendants, are proceeds of auto-subscribing, the defendants should be permitted to offer evidence that these proceeds represent their ownership share of revenue earned while functioning (lawfully) as content providers. Yet, the Government's broad in limine application would preclude the defendants from offering this proof that there is a lawful basis for the money transfers.

As set forth above, evidence should be excluded on a motion in limine only if it is "clearly inadmissible on all potential grounds." See United States v. Ozsusamlar, supra. While we are prepared to establish a basis for the introduction of evidence of developments at Mobile Messenger that fall within the broad category of "otherwise lawful conduct," it is premature for the Court to require that the defendants outline defense theories in response to this motion. In the alternative, we are prepared to make a presentation of our evidence ex parte.

Accordingly, the Government's motion to preclude, as a general proposition, evidence of "otherwise lawful conduct" must be denied at this time.

**The Testimony Of The Defendant's Financial Analyst Is Properly Considered To Be "Summary Evidence" Rather Than Expert Opinion Testimony**

As we stated in our letter dated February 8, 2017, the process employed by our witnesses "involves simply sorting and adding the relevant bank transfers." (See Defendant Wedd's letter dated 2/8/17, at p. 2). These witnesses will not offer "opinion testimony" that money transferred into bank accounts controlled by the defendants did not constitute proceeds of auto-subscribing.

4

Clearly, this testimony is offered to support the defendants' contention that the money was not the proceeds of auto-subscribing. However, the defense does not intend to elicit an opinion on the ultimate issue. Nor will we elicit opinion testimony on the issue of whether funds were transferred with the intent to conceal or promote unlawful activity, as required by the money laundering statutes.

## CONCLUSION

For all of the reasons set forth herein, we respectfully submit that the Government's motion in limine should, in all respects, be denied.

Dated: New York, New York
February 21, 2016

        Respectfully submitted,

        SERCARZ AND RIOPELLE, LLP

        By: s/ Maurice H. Sercarz
            810 Seventh Avenue, Suite 620
            New York, New York 10019
            Telephone: (212) 586-4900
            Email: msercarz@sercarzandriopelle.com
            *Attorneys for Darcy Wedd*