USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 4, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

- v. -

DARCY WEDD,

                        Defendant.

------------------------------------------------------------------X

S3 15 Cr. 616 (KBF)

ORDER

KATHERINE B. FORREST, United States District Judge:

The Court attaches a copy of the proposed limiting instructions provided to the parties via e-mail on Monday, December 4, 2017.

        SO ORDERED.

Dated:     New York, New York
             December 4, 2017

_____
KATHERINE B. FORREST
United States District Judge

**Limiting Instruction #1**

Limiting Instruction: Guilty Pleas

L & G: You have heard [the witness] testify that he plead guilty to certain crimes similar to those charged here.  The reasons why a person may plead guilty are personal to him.  I instruct you that you are to draw no inference or suggestion that the defendant here is guilty of the crimes with which he has been charged because someone else has plead guilty.

In order to find the defendant here guilty of any crime, you must separately consider, based on all of the evidence you will have by the end of trial, and based upon the Court's instructions on the law, whether the Government has carried its burden of proof beyond a reasonable doubt.

**Limiting Instruction #2**

Limiting Instruction: Prostitutes and Drugs

L & G: You have heard evidence that on certain occasions, Lin Miao is alleged to have received the services of a prostitute and an offer of drugs he believed had been paid for by the defendant.  This evidence is offered for a limited purpose.  It is offered to provide background regarding the alleged relationship of trust and confidence between Miao and Wedd.  It is not offered to show that Wedd has a bad character or is the type of person to engage in such act, or any unlawful acts, and it may not be used by you in such a manner.  I instruct you that in considering such evidence you should put to one side any personal views you may have regarding such activities.

**Limiting Instruction #3**

Limiting Instruction: Non-Compliant Marketing

L & G: You have heard—and will from time to time continue to hear—references to the defendant's alleged participation in what is sometimes referred to as non-compliant or deceptive marketing of content.

I have two instructions for you in this regard. First, I want to be clear that when the term "deceptive marketing" is used by a witness, in a document, or by counsel, that term is merely being used as a description of the marketing; in particular, that phrase is sometimes used to describe marketing that allegedly did not comply with certain rules regarding marketing practices.

I further instruct you that the defendant is not on trial for engaging in non-compliant or deceptive marketing. This evidence is offered for a limited purpose. It is offered by the Government to provide evidence of a lack of mistake by the defendants, defendant's knowledge as to how the alleged auto-subscription scheme worked, and to fill out the story of the relationship between the alleged co-conspirators.

**Limiting Instruction #4**

Limiting Instruction: Content Companies

L & G: You have heard or will hear testimony that the defendant was involved in creating certain content companies. The defendant is not on trial for any illegality relating to these companies other than how they may directly relate to the conspiracy charged. Thus, to the extent that you deem evidence relating to those companies as unrelated to the auto-subscription scheme charged, you may not use it as evidence of the defendant's guilt or non-guilt with regard to that alleged conspiracy.

This evidence is offered for a limited purpose. It is offered to show the defendant's alleged knowledge, intent, and lack of mistake. It is not being offered, and may not be used by you, as evidence of the defendant having a propensity to engage in any illegal act.

**Limiting Instruction #5**

Limiting Instruction: Use of Customer Complaints

L & G: These documents are offered for a limited purpose. They are offered to show that individuals at Mobile Messenger were on notice of customer complaints and on notice that certain things were said in the documents. They are not offered to prove the truth of the particular statements contained in the document.

In other words, if a document indicates that a customer complained about X, the document is not being offered to show that the customer in fact received X or, if he/she claims he/she had not subscribed, whether or not he/she in fact had not. Rather, it is offered to show that such a complaint was found in Mobile Messenger's files.

**Limiting Instruction #6**

Limiting Instruction: Doc or Evidence Admitted for Limited Purpose (Hearsay)

L & G: The [doc/evidence] is admitted for a limited purpose.  The Government offers it to support its assertion that [the recipients] of the [doc/evidence] were on notice of the events described therein.  The [doc/evidence] is not offered to prove the truth of the facts set forth in the [doc/evidence].

In other words, the [doc/evidence] is not offered to prove whether in fact [there were x subs or y subs], but rather for the purpose of showing that the recipients received information of this type.

**Limiting Instruction #7**

Limiting Instruction: Pajaczkowski's Acts

L &G: You have heard and will hear testimony from Mr. Pajaczkowski regarding the defendant's alleged knowledge and/or participation in certain acts Mr. Pajaczkowski took in connection with various regulators, regulatory bodies, and the U.S. Senate.

    I anticipate you will also hear the witness discuss one or more bribes he made with the alleged awareness and/or approval of the defendant.

    I instruct you that the defendant is not on trial for engaging in any of these alleged acts.  The evidence is offered by the Government for a limited purpose: to show the relationship of trust and confidence between and among the witness and the defendant.

    As to alleged acts of bribery, the Government additionally proffers that it is evidence of the defendant's knowledge and lack of mistake.

    I further instruct you that you may not use any of this evidence as supportive of any propensity of the defendant here on trial to engage in criminal behavior, including the crimes alleged.

**Limiting Instruction #8**

<u>Limiting Instruction: Uncharged Instances of Auto-Subscribing on MM</u>

L & G: You have just heard Paj reference certain instances of auto-subscribing on Mobile Messenger.  These are not part of the alleged auto-subscribing schemes that the Government has charged in this case.  The testimony by Paj as to these other instances of auto-subscribing are offered for a limited purpose: they are offered to show the background of the relationship between Paj and the defendant, knowledge and notice in certain areas, and the defendant's intent and lack of mistake.  You may not use these instances of auto-subscribing as proof of the defendant's guilt or non-guilt as to the crimes charged.

**Limiting Instruction #9**

Limiting Instruction: Wedd and 2007 Australian Events

L & G: You have heard testimony that in 2007 in Australia, the defendant is alleged to have engaged in certain conduct.  This evidence is offered for a limited purpose.  It is offered to show that he had the required knowledge to engage in the conspiracy charged, and that his actions in connection with the charged conspiracy were not because of mistake.  Defendant Wedd is not on trial here for any events that occurred in Australia in 2007 and such events may not be used by you as evidence of his guilt or non-guilt of participation in the charged conspiracy.

**Limiting Instruction #10**

Limiting Instruction: Texas Attorney General

L & G: You have heard testimony about certain actions taken by the Texas Attorney General's office and the FTC against the defendant and/or his related companies.  I instruct you that you may not use the fact that either of those regulatory bodies took any action as evidence of the defendant's guilt of the crimes charged here.