# SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

December 12, 2017

**BY ECF**

Hon. Katherine B. Forrest, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   U.S. v. Darcy Wedd, 15 CR 616 (KBF)**

Your Honor:

Earlier this evening, the Court sought to ascertain whether the trial evidence revealed "deliberate act[s] of turning away from confirmation of the knowledge that is required for conviction." T3.1830. In that regard, the government's proffer respectfully falls short. ECF No. 591.

"[A] willfully blind defendant is one who takes *deliberate actions* to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (emphasis supplied). As such, a conscious avoidance instruction "may *only* be given if (1) the defendant asserts the lack of some specific aspect of knowledge *required for conviction*, ... and (2) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion *beyond a reasonable doubt* ... that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *U.S. v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (quotations and citations omitted) (emphasis supplied). "The second prong of this test thus has two components-there must be evidence that the defendant (1) was aware of a high probability of the disputed fact and (2) deliberately avoided confirming that fact." *Id.*

"[A] conscious avoidance instruction is not appropriate where the only evidence alerting a defendant to the high probability of criminal activity is direct evidence of the illegality itself — that is, when the evidence is that the defendant had either actual knowledge or no knowledge at all of the facts in question." *U.S. v. Nektlov*, 461 F.3d 309, 316 (2006) (citation omitted). That is precisely how the government presented this case. Here, Miao testified that Wedd explicitly accepted an invitation to auto-subscribe. Paj testified that he paid Wedd a specific portion of illegal proceeds, and overtly discussed it with him. Paj and Eromo both testified about an unequivocal agreement to auto-subscribe with Zhenya. According to the three cooperators, there was no room for an 'in-between' version of the facts.

"[E]vidence of actual guilty knowledge will sometimes support a conscious avoidance charge and sometimes will not." *U.S. v. Fofanah*, 765 F.3d 141, 153 (2d Cir. 2014). It "turns on whether the evidence supporting guilty knowledge is of such a character that it also supports the proposition that the defendant was aware of a high probability of the incriminating facts, but consciously chose to be blind to the truth." *Id.* While the government is permitted to argue in the alternative, on this evidence it would be untenable to advance any case theory where any of the cooperators testified falsely about Wedd's supposed explicit agreement to auto-subscribe.

For example, in *U.S. v. Sanchez–Robles*, the defendant drove a van reeking of marijuana and "denied any knowledge of the drugs and claimed that she [did] not recognize the smell of marijuana." 927 F.2d 1070, 1072 (9th Cir. 1991). There, conscious avoidance instruction was inapt, because "[i]f Sanchez–Robles recognized the smell as that of marijuana, then she knew that there was marijuana in the van." *Id.* at 1074. "If Sanchez–Robles did not [] recognize the smell of marijuana, then she had no reason to be suspicious." *Id.* "[Her] senses either give rise to direct knowledge of illegality, or there is nothing to raise suspicions of illegality at all." *Id.* On this record – if the cooperator testimony is rejected – anything that might have raised Wedd's suspicions cannot bridge the gap from negligence or recklessness into criminal culpability.

No cooperator described veering into auto-subscription conversations in front of Wedd only to see him put his head in the proverbial sand. *Compare to, U.S. v. Shelton*, 2006 WL 3406840 *2 (2d Cir. 2006) ("when reviewing with a co-conspirator a[n incriminating] document … [the defendant] tore it up and said, 'I guess I never saw that document' – [and] – when meeting with a co-conspirator who began to discuss additional manipulation of certain accounts, he told her to 'hold that thought,' left the

room, and, upon returning, changed the subject"); *U.S. v. Goffer*, 721 F.3d 113, 127 (2d Cir. 2013) (coconspirator "told [another] that he was 'better off not knowing where [his tips] were coming from'").

      The government asserts that Wedd "deliberately avoided confirming that Tatto and Zhenya were auto-subscribing" given a series of passive failures to investigate further. ECF No. 591 at 3. In *U.S. v. Ferrarini*, the evidence showed that the defendant actually knew of the frauds, and it was thus impermissible "to permit a finding that he consciously avoided confirming them." 219 F.3d 145 (2d Cir. 2000). *Ferrarini* warned against the danger that "a jury might conclude that no actual knowledge existed but might nonetheless convict, if it believed that the defendant had not tried hard enough to learn the truth." *Id; U.S. v. Kaplan*, 490 F.3d 110, 128 (2007)("[b]ecause the only record evidence indicates that [the defendant] had actual knowledge of the witness tampering, there was no factual predicate for a conscious avoidance charge").

      The Court should not give a conscious avoidance instruction on any substantive or conspiracy count.

                          Most respectfully,

                          /S/

                          Robert Caliendo, Esq.
                          Sercarz & Riopelle, LLP
                          810 Seventh Avenue, Suite 620
                          New York, NY 10019
                          212 586 4900
                          rcaliendo@sercarzandriopelle.com