USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 13, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

UNITED STATES OF AMERICA

    - v. -

DARCY WEDD,

                        Defendant.

------------------------------------------------------------------X

S3 15 Cr. 616 (KBF)

ORDER

KATHERINE B. FORREST, United States District Judge:

    Having reviewed the parties' submissions at ECF Nos. 591 and 593 and further considered the issues raised therein, the Court finds that the attached conscious avoidance instruction is appropriate. The Court will make its findings on the record during trial on Wednesday, December 13, 2017.

    SO ORDERED.

Dated:    New York, New York
            December 13, 2017

                                 _____
                                 KATHERINE B. FORREST
                                 United States District Judge

<u>All Counts – Conscious Avoidance</u>

As I explained, the Government is required to prove that the defendant acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that a defendant had knowledge of a fact required for conviction when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to the charges in the Indictment, you may consider whether the defendant deliberately closed his eyes to a fact required for conviction that would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find that the defendant deliberately acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that a defendant was merely reckless, negligent, careless, or foolish.

You may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain what the concept of willful blindness or conscious avoidance means with respect to the substantive charges—Counts Two, Three, Six, and Seven of the Indictment—and then I will explain what it means with respect to the conspiracy charges—Counts One, Four, Five, and Eight of the Indictment.

With respect to the substantive charges, in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, for those counts, if you find beyond a reasonable doubt that the defendant knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the criminal offense was not being committed.

However, with respect to the conspiracy counts—Counts One, Four, Five, and Eight—there is a difference between knowingly participating in the conspiracy and knowing the object or objects of the conspiracy. "Conscious avoidance," as I have described it, cannot be used as a basis for finding that a defendant knowingly <u>joined</u> the conspiracy. It is logically impossible for the defendant to join a conspiracy unless he knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, which was to break the law as alleged.

That is, if you find beyond a reasonable doubt that the defendant knew that there was a high probability that his co-conspirators intended to break the law, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner.