UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA
                                    :    CONSENT PRELIMINARY ORDER
        - v. -                           OF FORFEITURE AS TO
                                    :    SPECIFIC PROPERTY/MONEY
                                         JUDGMENT
DARCY WEDD,                         :
                                         S3 15 Cr. 616 (KBF)
                                    :
                Defendant.
- - - - - - - - - - - - - - - - x

        WHEREAS, on or about June 5, 2017, DARCY WEDD (the
"defendant"), among others, was charged in an eight-count
Superseding Indictment, S3 15 Cr. 616 (KBF) (the "Indictment"),
with conspiracy to commit wire fraud, in violation of Title 18,
United States Code, Section 1349 (Counts One and Five); wire fraud,
in violation of Title 18, United States Code, Sections 1343 and 2
(Counts Two and Six); aggravated identity theft, in violation of
Title 18, United States Code, Sections 1028A & 2 (Counts Three and
Seven); and conspiracy to commit money laundering, in violation of
Title 18, United States Code, Section 1956(h) (Counts Four and
Eight);

        WHEREAS, the Indictment included a forfeiture allegation
as to Counts One, Two, Five, and Six of the Indictment, seeking
forfeiture to the United States, pursuant to Title 18, United States
Code, Section 981(a)(1)(C), and Title 28, United States Code,
Section 2461, of all property, real and personal, which constitutes
or is derived from proceeds traceable to the commission of the

offenses alleged in Counts One, Two, Five, and Six of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Four and Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property, real and personal, involved in the offense alleged in Count Four and Eight of the Indictment, or any property traceable to such property;

WHEREAS, on or about December 15, 2017, after a jury trial, the defendant was found guilty on all counts of the Indictment;

WHEREAS, the Government seeks a Money Judgment in the amount of $1,742,583 in United States currency pursuant to Title 21, United States Code, Section 853, representing the proceeds traceable to the commission of the offenses charged in Counts One, Two, Five, and Six of the Indictment that the defendant personally obtained;

WHEREAS, the defendant agrees to pay the full amount of the Money Judgment even if he is removed from the United States, for whatever reason, prior to satisfying the Money Judgment;

WHEREAS, the defendant has agreed to forfeit to the Government the following: (1) the return of any security deposit for Apartment 6K, located at 10 Jones Street, New York, New York 10014; (2) the current balances of his checking and savings

accounts at Citibank; (3) one Jaquet Droz and two Breitling watches; and (4) his balance of all cryptocurrencies, including 1.7 bitcoins and 4 etherium (the "Stipulated Assets");

WHEREAS, the Government asserts that the defendant's interest in the following companies represents proceeds traceable to the commission of Counts One, Two, Five, and Six of the Indictment:

a) Balance Street, Inc.;

b) Wanderu, Inc.;

c) Stockr, Inc.;

d) Filmbreak, Inc.;

e) Dealflicks;

f) Joust Inc.;

g) Outbox Inc.;

h) Mother's Day LLC;

i) The Lookalike LLC;

j) Neshi Productions (the defendant has a 33% interest);

k) Digging the Dirt;

l) Changecoin;

m) UX Pin Inc.;

n) Koinify, Inc.;

o) Fitmob Inc.;

p) Contactually Inc.,

q) Bit Access Inc;

r) Tesloop Inc.;

s) Appdiff Inc.;

t) Service Inc.;

u) Priority Ventures LLC (the defendant has a 50% interest);

v) Joust, Inc. (Priority Ventures LLC has a 100% interest);

w) Outbox, Inc. (Priority Ventures LLC has a 100% interest);

x) Be Great Partners, Inc.

(together with the Stipulated Assets, the "Specific Property");

WHEREAS, the Government seeks the forfeiture of all right, title, and interest of the defendant in the Specific Property pursuant to Title 18, United States Code, Section 981(a)(1)(c) as property constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Five, and Six of the Indictment;

WHEREAS, to the extent that the net liquidated value of the Specific Property ultimately forfeited to the United States exceeds the Money Judgment amount of $1,742,583, the Government shall return the excess funds to the defendant;

WHEREAS, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Counts One, Two, Five, and Six of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   As a result of the offenses charged in Counts One through Eight of the Indictment, to which the defendant was found guilty after a jury trial, a money judgment in the amount of $1,742,583 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Counts One, Two, Five, and Six of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2.    As a result of the offenses charged in Counts One through Eight of the Indictment, of which the defendant was found guilty after a jury trial, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. Upon entry of a Final Order of Forfeiture forfeiting the Specific Property to the United States, the Specific Property shall be applied toward the satisfaction of the Money Judgment.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, DARCY WEDD, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding money judgment shall be made by postal  money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5.    The United States Department of Treasury, or its designee, shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund ("TAFF"), and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

8.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Title 18, United States Code, Section 982(b)(1), in which all interests will be addressed.

11.   Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14.  The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15.   The signature page of this Consent Preliminary
Order of Forfeiture/Money Judgment may be executed in one or more
counterparts, each of which will be deemed an original but all of
which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____        5/2/2018
    SARAH E. PAUL                          DATE
    RICHARD COOPER
    JENNIFER L. BEIDEL
    Assistant United States Attorneys
    One Saint Andrew's Plaza
    New York, New York 10007
    Office: (212) 637-2326/1027/2212


DARCY WEDD,
DEFENDANT

By: _____        4/16/2018
    DARCY WEDD                             DATE

By: _____        5/2/2018
    MAURICE SERCARZ, ESQ.                  DATE
    Counsel for the Defendant
    Sercarz & Riopelle
    810 Seventh Avenue, Suite 620
    New York, New York 10019
    Office: (212) 586-4900


SO ORDERED:

_____            5/3/18
HONORABLE KATHERINE B. FORREST             DATE
UNITED STATES DISTRICT JUDGE