UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

DARCY WEDD,

                        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/2021____
```

15 Cr. 616-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Darcy Wedd, a prisoner serving his sentence at CI Moshannon Valley, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A).  Def. Mem., ECF No. 792; ECF No. 806.

       For the reasons stated below, the motion is DENIED.

## BACKGROUND

       On December 15, 2017, a jury found Wedd guilty of conspiring to commit wire fraud and money laundering, wire fraud, and aggravated identity theft in violation of 18 U.S.C. §§ 1343, 1349, 1028A, 1956(a)(1)(B)(i), 1956(h) and 1957.  *See* ECF Nos. 375, 598.  The Honorable Katherine B. Forrest stated at sentencing that Mr. Wedd was a "leader" of "a massive fraud that touched at least many thousands of people."  Sentencing Tr. at 19:13–20, 56:1–2, ECF No. 688.  The scheme netted over $100 million dollars from its victims.  Gov't Opp'n at 6, ECF No. 798.  Wedd was sentenced to 120 months' imprisonment to be followed by three years of supervised release.  ECF No. 700 at 3–4.

       Wedd is now 43 years old.  Def. Mem. at 14.  He was a smoker for about 20 years and has a family history of heart problems, but does not report that he suffers from a heart condition.  Def. Mem. at 8.  Although Wedd has not tested positive for COVID-19, he represents that he has contracted the virus.  Def. Mem. at 7; Def. Reply at 13, ECF No. 804.

On September 17, 2020, Wedd submitted a request for compassionate release to the facility administrator at his correctional facility. Def. Mem. at 9. On September 21, 2020, the facility administrator denied his request. *Id.* On September 24, 2020, Wedd appealed this decision to the director of operations, who denied his appeal on October 6, 2020. *Id.* On February 24, 2021, Wedd moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. *Id.* at 15; ECF No. 806.

## ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that— . . . in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Wedd must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct; [and]
>> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

In this case, the parties do not dispute that Wedd has met the exhaustion requirement because his request for compassionate release and his appeal of that decision were denied. Def. Mem. at 9; *see* Gov't Opp'n at 12–13.

However, considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court cannot conclude that a reduction in Wedd's sentence is justified. A jury found Wedd guilty of conspiring to commit wire fraud and money laundering, wire fraud, and aggravated identity theft in violation of 18 U.S.C. §§ 1343, 1349, 1028A, 1956(a)(1)(B)(i), and 1957. *See* ECF Nos. 375, 598. He was sentenced to 120 months' imprisonment, and to date, has only served about one-third of his sentence. Gov't Opp'n at 12.

Several of the § 3553(a) factors point against shortening the sentence with so much of it remaining. Wedd played a key role in a massive fraud scheme that stole over $100 million from its victims. Gov't Opp'n at 12. Given the seriousness of the offense and the harm it caused to the community, a substantial sentence was required to promote respect for the law and to provide just punishment. Sentencing Tr. at 55:20–60:25. Granting release so early in the term of incarceration would undercut those interests. *See United States v. Alvarez*, No. 11 Cr. 169, 2020 WL 3640523, at *3 (S.D.N.Y. July 6, 2020) ("To so dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law."); *United States v. Lowe*, No. 14 Cr. 55-01, 2020 WL 3640580, at *2 (S.D.N.Y. July 6, 2020) ("[R]eleasing [d]efendant now would cut his current sentence by one-half and would not appropriately reflect the nature and circumstances of the offense, or the need for the

sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct or to protect the public from further crimes." (internal quotation marks and citation omitted)).  Although Judge Forrest initially contemplated sentencing Wedd to 168 months, she considered that he would be serving his time in a facility where he would not get time off for good behavior and where he would not have the benefit of certain programs.  Sentencing Tr. at 60:10–25.  In light of those factors, granting release with more than two-thirds of his sentence remaining would not serve the goals of sentencing set forth in § 3553(a).

The Court does not disregard Wedd's history of smoking, or the risk he might face should he develop a heart condition.  The Court acknowledges that the CDC has determined that former smokers who contract the COVID-19 virus face an increased risk of severe illness.  *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).  However, Wedd represents that he believes he has contracted the virus, and has apparently recovered.  Def. Mem. at 7–8; Def. Reply. at 13.  Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release.  *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *2–3 (S.D.N.Y. Dec. 30, 2020) ("[N]ow that [defendant] has contracted and recovered from [COVID-19] . . . there is no basis to find that [defendant] has demonstrated the extraordinary and compelling circumstances necessary to afford him the exceptional relief of a sentence reduction."); *United States v. Perez*, No. 04 Cr. 937-1, 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020) ("While it is unfortunate that defendant suffered from COVID-19 while in custody, contraction of a disease generally does not constitute an extraordinary and compelling basis for release.  The fact that defendant recovered from COVID-19 further supports this conclusion.").

Even if Wedd has not yet contracted coronavirus, and although his history of smoking might make him more vulnerable to severe infection, his young age and the fact that he does not suffer from a heart condition may place him outside of the most acutely vulnerable group. *See* Gov't Opp'n at 9. But the novel coronavirus can have devastating effects on even young and healthy individuals. The Government has an obligation to protect every individual in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). Nevertheless, the Court cannot ignore the § 3553(a) factors in deciding whether to reduce a sentence already imposed, and those factors outweigh release.

## CONCLUSION

Accordingly, Wedd's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 792.

SO ORDERED.

Dated: April 9, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge